IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKKO T. SEKIYA,

        Plaintiff,

v.                                             No. 16cv1368 KG/SCY

FACEBOOK et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 15, 2016 ("Application") and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 1, 2016 ("Complaint").[1]  For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**.  Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

---

[1] The Complaint includes the Appendix/Supplement, Doc. 5, filed December 16, 2016.

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is unemployed and has no income; (ii) Plaintiff has no cash and no funds in bank accounts; (iii) Plaintiff has no assets; and (iv) Plaintiff has a son and a daughter who rely on him for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he is unemployed, and has no income, cash or assets.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff asserts claims against Facebook and the unknown owner of Facebook based on the following allegations in the Complaint:

> Defendant owner of Facebook/unknown . . . is the one who has not shut my Facebook down.
> . . . .
>
> The case consist[s] of numerous videos being showed on Facebook of my day to day life in the rest room, shower, even having sex etc.   Violating my privacy act.
> . . . .
>
> Three Facebook accounts under my name Mikko Sekiya, that I can not log into and have not been able to for the last two years.
> . . . .
>
> Three Facebook accounts that have been open for two years with out me ever being able to log on.

Doc. 5 at 2-4.   It appears that Plaintiff is alleging that Defendants are liable for the tort of invasion of privacy by publishing private facts.   *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1217-18 (10th Cir. 2007) ("New Mexico recognizes the tort of invasion of privacy . . . [via] publication of private facts," which is "disclosure which would be objectionable to a reasonable person, and a lack of legitimate public interest in the information").

The Court will dismiss the Complaint without prejudice because Defendants are immune to Plaintiff's cause of action.   The Communications Decency Act, 47 U.S.C. § 230, "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service."   *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (D.C. Cir. 1997); 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider").   "Facebook qualifies as an interactive computer service." *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014).   It appears from the few factual

3

allegations in the Complaint that the videos for which Plaintiff seeks to hold Defendants liable were provided by a third party user; there are no factual allegations that Defendants created the videos.  The Complaint seeks to hold Defendants liable for the tort of invasion of privacy for publishing the videos.  The Court will, therefore, dismiss the Complaint pursuant to the Communication Decency Act.  *See Klayman v. Zuckerberg*, 753 F.3d 1357-58 (dismissing negligence and assault claims pursuant to the Communications Decency Act because "(i) Facebook is a provider or user of an interactive computer service, (ii) the information for which [plaintiff] seeks to hold Facebook liable was information provided by another information content provider, and (iii) the complaint seeks to hold Facebook liable as the publisher or speaker of that information"); 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section").

Plaintiff shall have 21 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim,

and which includes the address of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 15, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 15, 2016, and Doc. 5, filed December 16, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE